```
             UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                     WESTERN DIVISION
```

IN RE:

MEDIEVAL GLASS INDUSTRIES                         Chapter 7
(IOWA), INC.

   Debtor.                                Bankruptcy No. 09-00327S


## DECISION AND ORDER RE: ATTORNEY FEE APPLICATION

Heidman Law Firm, LLP ("Heidman Firm") and Goosmann Law Firm ("Goosmann Firm") have submitted an application for fees for acting as counsel in the chapter 11 case filed by Medieval Glass Industries (Iowa), Inc. ("Medieval"). Notice of the application was given to all creditors and parties-in-interest. Only Wil L. Forker, the chapter 7 trustee, filed objection. Hearing on the application was held September 15, 2009 in Sioux City. Jeana L. Goosmann appeared for both law firms. Wil L. Forker appeared on his own behalf. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

The application consists of the request for compensation and reimbursement of expenses by Heidman Firm, and the request for compensation by Goosmann Firm. The combined request was occasioned by Ms. Goosmann leaving the Heidman Firm and beginning the Goosmann Firm. Medieval chose Ms. Goosmann to continue as its lawyer after the change (docs. 104 and 111). The change was effective May 11, 2009. Medieval paid a pre-petition security

retainer to Heidman Firm in the amount of $11,039.00, part of which was to pay the filing fee of $1,039.00. The portion of the retainer still held in trust on May 11 continues to be held in trust by Heidman Firm.

Ms. Goosmann of the Heidman Firm was retained to represent Medieval in this bankruptcy case. The application to employ Heidman Firm was filed on February 24, 2009, the day following the filing of the chapter 11 bankruptcy petition (doc. 19). The court notes that it inadvertently approved the application on February 25, 2009, notwithstanding the prohibition contained in Fed.R.Bankr.P. 6003(a). I conclude that the early entry of the order does not adversely affect the present application.

Ms. Goosmann, as a partner in the Heidman Firm, represented Medieval from February 21, 2009 (two days before the filing) until April 22, 2009 (Application, doc. 131). Prior to the bankruptcy filing, Heidman Firm shows .30 hours of legal work by Goosmann for which it seeks compensation in the amount of $82.50.

After the filing of Medieval's bankruptcy petition to and including April 22, Heidman Firm seeks compensation as follows:

```
        Attorney Goosmann    28.70 hours @ $275.00 = $7,892.50
        Attorney Shuck        1.30 hours @  175.00 =    227.00
        Paralegal Kucera      6.60 hours @   85.00 =    561.00

        Total                                       $8,680.50
```

(doc. 131, attachments). There was time spent for which the firm did not charge. Also, an error in invoice no. 31216 duplicated

charges of $1,667.40.  The above total is the correct total billing not including the pre-bankruptcy charge of $82.50.  Heidman Firm also seeks reimbursement of its advance of the case filing fee of $1,039.00.

Heidman Firm may apply $82.50 of its security retainer to pay the pre-petition charges for work by Goosmann.  The court also permits Heidman Firm's reimbursement for its advance of the filing fee.  Deducting the pre-petition charge and the filing fee from the $11,039.00 retainer, leaves a balance of the retainer of $9,917.50 to apply to any other fees awarded to Heidman Firm.

Trustee Forker objects to Firm's request for compensation for preparation of the fee application.  Time entries for such preparation are shown on the billing itemization for dates from April 15 through April 21.  Preparation was done by paralegal Kucera, and it amounted to 5.40 hours for a total charge of $459.00.  For Ms. Goosmann it amounted to .20 hours.

I will sustain trustee's objection to allowance of this request.  The Bankruptcy Code provides that the court may award to a professional person employed by the debtor-in-possession "reasonable compensation for actual, necessary services rendered ...."  11 U.S.C. § 330(a)(1)(A).  "Any compensation awarded for the preparation of the fee application shall be based on the level and skill reasonably required to prepare the application."  11 U.S.C. § 330(a)(6).  I find that the level of skill necessary

to prepare the application's attachments in this case was elementary. It involved the input of a date, the description of the task, the time spent and a sorting code by the category of the work. A computer program was instrumental in the final preparation. The four-page application was not complicated. I find that the basic essentials of any application for professional fees is no more than a billing statement to obtain fees from any client. This, in my view, would include a description of the work done, by date, showing the charge for the task. I find nothing in this fee application that rises above a basic legal billing statement, the preparation of which would not normally be charged to a client. Therefore, I will deny compensation for .20 hours of Goosmann's time and for 5.40 hours of Kucera's time for work done on the fee application. Ms. Kucera's other charge of 1.20 hours at $85.00 per hour will be allowed.

   The remaining issue as to Heidman Firm's billing is the hourly rate which should be allowed for Ms. Goosmann. She has billed her time at $275.00 per hour. The court inquired at the hearing as to whether this was her normal rate for her other types of legal work. She replied that it was her normal rate for federal court work. I infer from the answer that $275.00 is a greater hourly rate than she charges for state court appearances or office practice. Ms. Goosmann justifies the hourly rate in

part because of the risk of non-payment in bankruptcy debtor representation, and also because of the level of expertise necessary in chapter 11 cases.

I find the hourly rate requested by Ms. Goosmann is not reasonable in view of her experience in chapter 11 cases. Ms. Goosmann graduated from law school in 2002. She first began practicing before this court in cases filed in 2003. The bulk of her appearances have been on behalf of creditors in chapter 7 and 13 cases. She has done a capable job in all matters, including a major trial on a complaint to determine dischargeability. Most contested matters or proceedings, however, were not tried. Some of her activities in the cases were merely appearances. Ms. Goosmann has participated in only three chapter 11 cases, two in which she was local counsel for debtor, both of which were filed relatively recently.

The learning curve in chapter 11 cases, whether debtors seek rehabilitation or liquidation reorganization, is high and often difficult. The requested rate of $275.00 per hour is greater than any charged by attorneys in the western division of this district who regularly practice before this court. Two Sioux City attorneys, who are also trustees, have done commendable and very competent and skilled legal work for bankruptcy debtors, creditors, and estates, at significantly lower hourly rates. Donald H. Molstad charges approximately $200.00 per hour, and Wil

L. Forker charges approximately $175.00 per hour.  Although I believe that Ms. Goosmann is a very capable attorney also, I believe her hourly rate is out of balance with the rates charged for bankruptcy work in this district by attorneys exceeding her level of experience in chapter 11.  In this case, I will allow her a rate of $175.00 per hour for 28.50 hours.

Attorney Daniel B. Shuck has charged $175.00 per hour for 1.30 hours of work.  He is a partner in the Heidman Firm, but I have no information on his skill or experience.  Moreover, the time expended appears to be no more than time spent reading correspondence.  I will allow him $100.00 per hour for 1.30 hours.

Heidman Firm will be allowed $5,219.50 in fees for its post-filing, pre-conversion representation of debtor.  Its expenses of $1,039.00 will be reimbursed.

### Fee Application for Goosmann Firm

Goosmann Firm succeeded Heidman Firm beginning on May 11, 2009.  Ms. Goosmann requests compensation for 13.60 hours for her work and 4.00 hours for the work of paralegal Angela Eyer.  However, I find that 2.30 hours of Goosmann's hours are for fee application preparation, and these will be disallowed.  Goosmann Firm's paralegal, Angela Eyer, has itemized 4.0 hours, but 3.50 is for fee application preparation, and these will be disallowed.

Of Goosmann's time, compensation will be awarded for 11.3 hours at $175.00 per hour, and of Eyer's time, .50 hours will be awarded at $85.00 per hour.  Goosmann Firm will be awarded $2,020.00 as professional compensation for pre-conversion legal services to debtor.

## The Retainer

The remaining issue is the treatment of the retainer. Medieval paid Heidman Firm $11,039.00 as a security retainer prior to filing its bankruptcy petition.  Forker contends that a retainer not yet applied to earned but unpaid fees as of the date of conversion to chapter 7 is property of the bankruptcy estate and must be turned over to him.

I agree that on the date of conversion, the security retainer held in trust by Heidman Firm was property of the chapter 7 estate, and this was true of the retainer as it was held by the Firm on the date the chapter 11 was filed.  <u>Fiegen Law Firm, P.C. v. Fokkena (In re On-Line Services, Ltd.)</u>, 324 B.R. 342, 345-46 (B.A.P. 8th Cir 2005).  But the retainer is nonetheless security for pre-conversion fees which may be awarded by the court.

Heidman Firm will be permitted to deduct from that pre-petition retainer $82.50 in unpaid pre-petition fees, its advance of the filing fee of $1,039.00, and a fee award of $5,219.50

arising from services performed in the chapter 11 case. The remaining retainer after payment to the Heidman Firm will be $4,698.00.

After the date of the conversion, the law firms may no longer apply the retainer to pay any fees they might earn in the chapter 7 case. Forker's position appears to be that the Goosmann Firm has no rights in the retainer. Ms. Goosmann does not challenge that position, but I do not think it is correct. I considered the effect on the retainer of the change in counsel on June 9, 2009 when I heard Ms. Goosmann's motion to continue her employment as counsel for Medieval. The debtor consented to her continuing as its attorney. At the time I ruled that "no trust account monies to be transferred from Heidman Firm to Goosmann at this time," electing to preserve the status quo so as not to prejudice Heidman Firm which was not present at the hearing. The ruling was not intended to preclude Goosmann from claiming any residual rights in the retainer after Heidman Firm was paid.

Goosmann was at all times intended by Medieval to be one of its attorneys and to be protected by its retainer agreement. I have awarded the Goosmann Firm $2,020.00 in compensation for pre-conversion legal services. I will order that Goosmann Firm may be paid from the balance of the retainer held by the Heidman Firm after it has been satisfied as to its fee and expense award. The balance of the retainer, in the amount of $2,678.00 shall be

turned over to the trustee.

    IT IS ORDERED that Heidman Firm may deduct from its retainer pre-petition legal fees in the amount of $82.50.  It is awarded legal fees of $5,219.50 and reimbursement of costs in the amount of $1,039.00.  The balance of the $11,039.00 retainer shall be disbursed as follows: Heidman Firm shall transfer $2,020.00 of the retainer to Goosmann Firm.  The Goosmann Firm is awarded $2,020.00 in professional compensation, and it may apply the transferred retainer to pay such award.  The Heidman Firm shall transfer the balance of the retainer, in the amount of $2,678.00, to Wil L. Forker, trustee.  Judgment shall enter accordingly.

    DATED AND ENTERED  November 9, 2009

*/s/ W L Edmonds*

                      William L. Edmonds, Bankruptcy Judge